**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000536
30-SEP-2024
01:59 PM
Dkt. 76 SO**

NO. CAAP-20-0000536

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHRISTINA D. COOK, BUBBY & YUKO LLC, E.J. TROSCLAIR,
YUKO DONLEY, KARI A. THOMPSON-STUEBER, AND
JEREMY E. CHELLIN, Plaintiffs-Appellants, v.
THE ASSOCIATION OF APARTMENT OWNERS OF MT. TERRACE,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181000125)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone, and McCullen, JJ.)

This appeal arises out of a dispute concerning the repair and replacement of windows at the Mt. Terrace condominium project in Hawaiʻi Kai, and the decision by the Board of Directors for the Association of Apartment Owners of Mt. Terrace (the **Board**) to treat the window project as a common expense to be charged to unit owners. Plaintiffs-Appellants Christina D. Cook, Bubby & Yuko, LLC, EJ Trosclair, Yuko Donley, Kari A. Thompson-Stueber, and Jeremy E. Chellin (**Plaintiffs**) own units in Mt. Terrace. They appeal from the July 31, 2020 Final Judgment, entered in favor of Defendant-Appellee Association of Apartment Owners of Mt. Terrace (the **Association**) and against Plaintiffs by the Circuit Court of the First Circuit (**Circuit Court**). Plaintiffs also challenge the following orders entered by the Circuit Court:

(1) the October 25, 2018 "Order Denying Plaintiffs' Motion for Partial Summary Judgment Regarding Plaintiffs['] Count I (Declaratory Relief) of the Complaint, Filed on January 24, 2018, Filed on July 17, 2018";

(2) the October 25, 2018 "Order Granting [Association's] Cross-Motion for Partial Summary Judgment on Plaintiffs' Complaint, Filed on January 24, 2018, Filed on August 13, 2018" (**October 25, 2018 Order Granting Association's XMPSJ**);

(3) the February 27, 2020 "Order Granting [Association's] Motion for Partial Summary Judgment on the Breach of Fiduciary Duty Claim (Count III) in Plaintiffs' Complaint Filed on January 24, 2018, Filed on November 21, 2019"; and

(4) the March 17, 2020 "Order Granting [Association's] Motion for Partial Summary Judgment on Plaintiffs' Claims for Declaratory and Injunctive Relief (Count I), Breach of Contract (Count II), and Failure to Fund Reserves (Count IV) Filed on January 3, 2020."[1]

On appeal, Plaintiffs contend that the Circuit Court erred in: (1) denying Plaintiffs' July 17, 2018 MPSJ, and granting the Association's August 13, 2018 cross-motion for partial summary judgment (**August 13, 2018 XMPSJ**), "because the [c]ourt failed to properly apply the holding in Harrison v. Casa De Emdeko[, Inc.]," 142 Hawaiʻi 218, 418 P.3d 559 (2018); (2) granting the Association's November 21, 2019 MPSJ on Plaintiffs' breach of fiduciary duty claim "because [the] legislature has acknowledged that the relationship between an association and its members is fiduciary in nature and that individuals are entitled to seek relief from the court"; and (3) granting the Association's January 3, 2020 MPSJ regarding Plaintiffs' remaining claims "because [Hawaii Revised Statutes (**HRS**)] Chapter

---

[1] The Honorable Keith K. Hiraoka entered the October 25, 2018 order denying Plaintiffs' July 17, 2018 motion for partial summary judgment (**July 17, 2018 MPSJ**) and the October 25, 2018 Order Granting Association's XMPSJ. The Honorable John M. Tonaki entered the February 27, 2020 order granting the Association's November 21, 2019 motion for partial summary judgment (**November 21, 2019 MPSJ**), the March 17, 2020 order granting the Association's January 3, 2020 motion for partial summary judgment (**January 3, 2020 MPSJ**), and the July 31, 2020 Final Judgment.

514B provides Plaintiffs standing to bring contractual and statutory claims against the [Association] for its failure to set aside reserves."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Plaintiffs' contentions as follows:

(1) Plaintiffs contend that the Circuit Court erred in concluding that the "Mt. Terrace Declaration provides the [Association] the authority to treat common elements the same as limited common elements and in holding that the [Association] had the authority to charge owners the cost of maintaining the windows as a common expense."[2]  Plaintiffs argue that the windows are "limited common elements," and HRS § 514B-41(a) requires that the expenses of maintaining limited common elements be charged to the unit owners to which the limited common element is appurtenant.

"Generally, the declaration and bylaws of a condominium serve as a contract between the condominium owners and the association, establishing the rules governing the condominium. Harrison, 142 Hawaiʻi at 226, 418 P.3d at 567 (citing Ass'n of Apartment Owners of Maalaea Kai, Inc. v. Stillson, 108 Hawaiʻi 2, 9, 116 P.3d 644, 651 (2005)).  If the governing condominium documents are unclear, the court looks to applicable statutory provisions.  Id. at 227, 418 P.3d at 568.

The Declaration of Horizontal Property Regime of Mt. Terrace was recorded on March 23, 1972, and later restated.  The Third Restatement of Declaration of Horizontal Property Regime of Mt. Terrace (the **Declaration**) was recorded on December 12, 1995. On March 20, 2007, owners holding more than a majority of the common interest in the Mt. Terrace condominium project approved the Amendment to the Declaration of the Association of Apartment

_____

[2]  In the October 25, 2018 Order Granting Association's XMPSJ, the Circuit Court concluded in relevant part:  "As a matter of law, the expenses related to common elements and limited common elements are treated as common expenses under the Governing Documents, and therefore, the cost for the repair and replacement of perimeter windows of the Mt. Terrace condominium building are to be treated by the [Association] as common expense and charged to the owners based on their percentage of common interest."

3

Owners of Mt. Terrace (the **Amendment**). The Amendment, which was recorded on April 10, 2007, added, among others, a new provision stating, "This Project shall be governed by the provisions of Hawaiʻi Revised Statutes Chapter 514B, as amended to the fullest extent permitted by law."[3/] See HRS § 514B-23 (2018) (permitting an amendment to the governing documents "of any condominium created before July 1, 2006 . . . to achieve any result permitted by this chapter, regardless of what applicable law provided before July 1, 2006" where the amendment is "adopted by the vote or written consent of a majority of the unit owners").

The Declaration addresses the responsibility of unit owners for common element expenses, but does not discuss who is responsible for the expenses related to limited common elements.[4/]

---

[3/]  At an October 4, 2018 hearing on the parties' pending cross-motions for partial summary judgment, the Association, when asked by the Circuit Court, did not dispute that the Declaration was so amended in 2007.

[4/]  Paragraph B(3) states:

> COMMON INTEREST. Each apartment shall have appurtenant thereto an undivided percentage interest of .793+ in all common elements of the Project (herein called the "common interest") and the same proportionate share in all common profits and expenses of the Project.

Paragraph H states:

> COMMON EXPENSES. **All charges, costs and expenses whatsoever incurred by the Association for** or in connection with the administration of the Project, including without limitation, the operation thereof, **any maintenance, repair, replacement and restoration of the common elements** and any additions and alterations thereto, any labor, services, materials, supplies and equipment therefor, any liability whatsoever for loss or damage arising out of or in connection with the common elements or any accident, fire or nuisance thereon, and any premiums for hazard and liability insurance herein required with respect to the Project and the cost of all utility services, including water, electricity and gas, garbage disposal and any other similar services unless separately metered **shall constitute common expenses of the Project for which all apartment owners shall be severally liable in proportion to their respective common interests.** The Board shall from time to time assess the common expenses against all the apartment owners in their respective proportionate shares, and the unpaid amount of such assessments against any apartment shall constitute a lien against such apartment which may be foreclosed by the Board or Managing Agent as provided by said Condominium Property Act, provided that 30 days' prior written notice of intention to foreclose shall be mailed, postage prepaid, to the Trustees and all other persons having any interest in

(continued...)

4

See <u>Harrison</u>, 142 Hawaiʻi at 227, 418 P.3d at 568 (reviewing substantially similar language in a condominium declaration and concluding that the declaration did not discuss who was responsible for limited common element expenses). The Restatement of By-Laws of the Association Of Apartment Owners Of Mt. Terrace (**By-Laws**), recorded on April 10, 1992, are similarly silent on this issue.

We therefore turn to the provisions of HRS Chapter 514B. HRS § 514B-41(a) (2018) states:

> **Common profits and expenses.** (a) The common profits of the property shall be distributed among, and the common expenses shall be charged to, the unit owners, including the developer, in proportion to the common interest appurtenant to their respective units, except as otherwise provided in the declaration or bylaws. In a mixed use project containing units for both residential and nonresidential use, the charges and distributions may be apportioned in a fair and equitable manner as set forth in the declaration. **Except as otherwise provided in subsection (c) or the declaration or bylaws, all limited common element costs and expenses,** including but not limited to maintenance, repair, replacement, additions, and improvements, **shall be charged to the owner or owners of the unit or units to which the limited common element is appurtenant in an equitable manner as set forth in the declaration.**

(Emphases added.) HRS § 514B-41(c) allows a condominium board to adopt a resolution to assess certain limited common element expenses based on the undivided common interest appurtenant to each unit, if the board reasonably determines that the extra cost to separately account and charge for the limited common element expenses is not justified.

Here, neither the Declaration nor the By-Laws address the responsibility for limited common element expenses (<u>see supra</u>) and it does not appear that the Board adopted a resolution under HRS § 514B-41(c). Thus, pursuant to HRS § 514B-41(a), if the windows at issue are "limited common elements," expenses related to their maintenance, repair, and replacement <u>must</u> be charged to the individual unit owners to which the limited common element is appurtenant. <u>See</u> <u>Harrison</u>, 142 Hawaiʻi at 227-28, 418

---

[4/] (...continued)
such apartment as shown in the Association's record of ownership.

(Emphases added.)

P.3d at 568-69 (construing substantially similar language in predecessor statute, HRS § 514A-15(a) (2006)). The Circuit Court therefore erred in concluding that it was not material whether the windows were common elements or limited common elements – that the Declaration treats related expenses as common expenses and, therefore, the cost for the window project was to be treated by the Association as a common expense and charged to the owners based on their percentage of common interest. Accordingly, the Circuit Court erred in granting the Association's August 13, 2018 XMPSJ.

However, to the extent Plaintiffs contend that the windows should have been deemed limited common elements as a matter of law, they are not correct. Reviewed de novo, the record does not reflect, *i.e.*, there were genuine issues of material fact, whether the windows for which expenses were incurred are common elements or limited common elements. The Circuit Court did not err in denying Plaintiffs' July 17, 2018 MPSJ on the declaratory relief claim.

(2) Plaintiffs contend that the Circuit Court erred in granting the Association's November 21, 2019 MPSJ on Plaintiffs' breach of fiduciary duty claim. Relying in part on HRS §514B-106, Plaintiffs argue that Hawaiʻi law recognizes that a condominium association owes a fiduciary duty to its individual members.

HRS §514B-106(a) (2018) provides that "officers and members of the board shall <u>owe the association</u> a fiduciary duty and exercise the degree of care and loyalty required of an officer or director of a corporation organized under chapter 414D." (Emphasis added.) HRS §514B-106 does not support Plaintiffs' argument that an association owes any individual member a fiduciary duty.

Similarly, Hawaiʻi case law does not support Plaintiffs' argument. See <u>Ass'n of Apartment Owners of 2987 Kalakaua ex. rel. Bd. Of Dirs. v. Dubois</u>, No. 27416, 2008 WL 3199461, at *1 (Haw. App. Aug. 7, 2008) (SDO) (affirming summary judgment in favor of a condominium association where the counterclaimant owner "failed to provide authority for his

position that the Association itself, as opposed to individual directors of the board, can be held responsible for a breach of fiduciary duty" (citing HRS § 514B-106)). In particular, none of the Hawaiʻi cases cited by Plaintiffs holds that a condominium association owes a fiduciary duty to an individual member.

Accordingly, the Circuit Court did not err in granting summary judgment in favor of the Association on Plaintiffs' breach of fiduciary duty claim.

(3) Plaintiffs contend that the Circuit Court erred in granting the Association's January 3, 2020 MPSJ on Plaintiffs' remaining claims. Specifically, Plaintiffs contend that the Circuit Court erred in concluding they lacked standing to pursue their claims for declaratory and injunctive relief (Count I), breach of contract (Count II), and failure to fund reserves (Count IV), which were based on the Association's alleged underfunding of the reserves for the window project.

In their Complaint, Plaintiffs alleged that the Association failed to adequately fund the reserves for the repair and maintenance of the windows, causing them individualized harm. Plaintiffs further alleged that this failure constituted a breach of the Association's contractual duties under the Mt. Terrace governing documents, as well as a breach of the Association's statutory duties under HRS § 514B-148, and that Plaintiffs suffered resulting damages. In granting the Association's January 3, 2020 MPSJ, the Circuit Court ruled that Plaintiffs lacked standing to bring these claims because they had not brought them as a derivative action.

In so ruling, the Circuit Court failed to recognize that Plaintiffs were seeking redress for injury to them individually. See Chambrella v. Rutledge, 69 Haw. 271, 283-84, 740 P.2d 1008, 1015 (1987)(although shareholders must bring claims belonging to the corporation as a derivative action, they may bring individual claims seeking redress for injury to them individually); see also HRS § 514B-148 (2018) (mandating the association's assessment of adequate replacement reserves and providing that "[s]ubject to the procedures of section 514B-157 . . . , any unit owner whose association board fails to comply with

7

this section may enforce compliance by the board.").

On this record, the Association did not establish as a matter of law that Plaintiffs lacked standing to assert their claims based on the Association's alleged failure to adequately fund the reserves for the repair and maintenance of the windows. Accordingly, the Circuit Court erred in granting the Association's January 3, 2020 MPSJ on Plaintiffs' claims for declaratory and injunctive relief, breach of contract, and failure to fund reserves.

For the reasons discussed above, we affirm in part and vacate in part the July 31, 2020 Final Judgment, entered by the Circuit Court of the First Circuit. The Final Judgment is affirmed to the extent the Circuit Court entered judgment in favor of Defendant-Appellee Association and against Plaintiffs-Appellants on their claim for breach of fiduciary duty (Count III). The Final Judgment is vacated to the extent the Circuit Court entered judgment in favor of Defendant-Appellee Association and against Plaintiffs-Appellants on their claims for declaratory and injunctive relief (Count I), breach of contract (Count II), and failure to fund reserves (Count IV). The case is remanded to the Circuit Court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, September 30, 2024.

On the briefs:

Terrance M. Revere and
Amanda L. Dutcher
(Revere & Associates)
for Plaintiffs-Appellants.

Matt A. Tsukazaki and
Tyler A. Tsukazaki
(Li & Tsukazaki)
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge